## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

ANDRE GREEN,                         :

                               :

           Plaintiff,          :    Civ. No. 13-5908 (RBK) (KMW)

                               :

       v.                      :    **OPINION**

                               :

RUBEN MORALES,                 :

                               :

           Defendant.     :

_____ :

### ROBERT B. KUGLER, U.S.D.J.

## I.      INTRODUCTION

Plaintiff is a federal prisoner currently incarcerated at the United States Penitentiary in Marion, Illinois.  Plaintiff was previously incarcerated at F.C.I. Fairton in Fairton, New Jersey. He is proceeding *pro se* with a complaint filed pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), alleging violations of his constitutional rights.  Plaintiff's application to proceed *in forma pauperis* will be granted based on the information provided therein.

At this time, the Court must review the complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit.  For the following reasons, the complaint will be permitted to proceed against defendant Ruben Morales.

## II.      BACKGROUND

Plaintiff initially filed his complaint in the United States District Court for the Southern District of Illinois.  Plaintiff's original complaint named Leslee Duncan and Ruben Morales as

defendants.  The Southern District of Illinois subsequently severed plaintiff's claims against

Morales and transferred the complaint as to Morales to this Court.

The allegations of the complaint will be construed as true for purposes of this screening.

The Southern District of Illinois previously set forth the facts of the complaint regarding Morales

as follows:

> Plaintiff was incarcerated at F.C.I. Fairton, in New Jersey, when he
> fell and injured his back on April 6, 2012.  He developed severe
> back pain, numbness in his hand, arm and feet, and extreme
> weakness in his legs.  These symptoms became worse over time.
> Defendant Morales (a physician and clinical director) examined
> Plaintiff soon after the injury, and refused to issue Plaintiff a cane
> or wheelchair even though his ability to walk was impaired.  Some
> days later, when Plaintiff's back pain became excruciating,
> Defendant Morales refused to see Plaintiff or give him anything to
> relieve the pain.  From June through October 2012, Plaintiff
> continued to seek help for his pain and requested Defendant
> Morales to give him an MRI.  These requests were refused, until
> Plaintiff was prescribed 800 mg of Ibuprofen for "a while[.]"

(Dkt. No. 1 at p. 2.)  In October, 2012, plaintiff was transferred to another prison.  An MRI was

then taken which disclosed that plaintiff had a serious spinal condition.

### III.   STANDARD OF REVIEW

A. Standard for *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-

66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil

actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B),

seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a

claim with respect to prison conditions, *see* 28 U.S.C. § 1997e.  The PLRA directs district courts

to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which

relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

According to the Supreme Court's decision in *Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

B.  *Bivens* Actions

*Bivens* is the federal counterpart to 42 U.S.C. § 1983. *See Walker v. Zenk*, 323 F. App'x 144, 145 n. 1 (3d Cir. 2009) (per curiam) (citing *Egervary v. Young*, 366 F.3d 238, 246 (3d Cir. 2004)). In order to state a claim under *Bivens*, a plaintiff must allege: (1) a deprivation of a right secured by the Constitution or laws of the United States; and (2) that the deprivation of the right was caused by a person acting under color of federal law. *See Couden v. Duffy*, 446 F.3d 483,

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (per curiam) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

491 (3d Cir. 2006) (stating that under Section 1983 "an individual may bring suit for damages against any person who, acting under color of state law, deprives another individual of any rights, privileges, or immunities secured by the United States Constitution or federal law," and that *Bivens* held that a parallel right exists against federal officials); *see also Collins v. F.B.I.*, No. 10-3470, 2011 WL 1627025, at *6 (D.N.J. Apr. 28, 2011) ("The Third Circuit has recognized that Bivens actions are simply the federal counterpart to § 1983 claims brought against state officials' and thus the analysis established under one type of claim is applicable under the other.") (internal quotation marks and citations omitted).

## IV.   DISCUSSION

Based on the allegations of the complaint, plaintiff is attempting to bring a denial/deprivation of medical care claim against Morales. The United States Court of Appeals for the Third Circuit has laid out the necessary elements to properly allege a constitutional claim for denial of medical care; specifically:

> For the delay or denial of medical care to rise to a violation of the Eighth Amendment's prohibition against cruel and unusual punishment, a prisoner must demonstrate "(1) that defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Deliberate indifference requires proof that the official "knows of and disregards an excessive risk to inmate health or safety." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). We have found deliberate indifference where a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a nonmedical reason; or (3) prevents a prisoner from receiving needed or recommended treatment." *Rouse*, 182 F.3d at 197. Deference is given to prison medical authorities in the diagnosis and treatment of patients, and courts "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment. . . (which) remains a question of sound professional judgment." *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) (quoting *Bowring v. Godwin*, 551

> F.2d 44, 48 (4th Cir. 1977)).  Allegations of negligent treatment or
> medical malpractice do not trigger constitutional protections.
> *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).

*Pierce v. Pitkins*, 520 F. App'x 64, 66 (3d Cir. 2013) (per curiam).  The Third Circuit has also noted that deliberate indifference can be found "where the prison official persists in a course of treatment in the face of resultant pain and risk of permanent injury."  *See McCluskey v. Vincent*, 505 F. App'x 199, 202 (3d Cir. 2012) (internal quotation marks and citation omitted).  "A medical need is serious if it 'has been diagnosed by a physician as requiring treatment,' or if it 'is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'"  *See Mitchell v. Beard*, 492 F. App'x 230, 236 (3d Cir. 2012) (per curiam) (quoting *Atkinson v. Taylor*, 316 F.3d 257, 272-73 (3d Cir. 2003) (quoting *Monmouth Cnty. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987))).

The Court finds that plaintiff has stated a *Bivens* claim against Morales.  Plaintiff alleges that Morales at times refused to see him despite his excruciating pain.  As stated above, a defendant is deemed to be deliberately indifferent if he knows of a prisoner's need for medical treatment but intentionally refuses to provide it.  *See Rouse*, 182 F.3d at 197.  Additionally, the complaint may also be alleging that Morales was deliberately indifferent because he persisted in a course of treatment in the face of resultant pain as plaintiff notes that he continued to seek treatment for his back pain but was refused.  As stated above, this refusal is sufficient to allege that Morale acted with deliberate indifference.  *See id.*; *see also McCluskey*, 505 F. App'x at 202.  Finally, plaintiff has alleged that his medical needs were serious as he alleges that he was in excruciating pain, his ability to walk was being impaired and that he was eventually diagnosed with a serious spinal column injury.  Therefore, plaintiff has stated a *Bivens* claim against Morales to permit the complaint to proceed past screening.

## V.   CONCLUSION

For the foregoing reasons, the complaint will be permitted to proceed against Morales.

An appropriate order will be entered.


DATED:  May 12, 2014

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge
